**United States Bankruptcy Court**
District of Massachusetts

FILED
CLERK'S OFFICE

2009 NOV 24  A 11: 27

In Re: Domenic Costagliola                        Case No: 09-42894
    Debtor,                                        Judge Joel B. Rosenthal
    .Aka Domenico Costagliola

Robin Costagliola,
    Creditor

Creditor's Letter to have debt declared non-dischargeable by Robin C Costagliola.

1.     Robin C. Costagliola resides at 1 Second Street, Amesbury MA 01913

2.     Domenic Costagliola and Robin Costagliola were divorced in Middlesex Probate court on August 8th 2005.

3.     In April 2007 and May of 2007, Domenic made large withdrawals to the second mortgage line of credit through Washington Mutual. (See attachment "A").

4.     The Judgment for Divorce NISI states that the husband (Domenic Costagliola) shall solely be responsible for all costs on the second mortgage line of credit, and that the husband shall indemnify and hold the wife (Robin Costagliola) harmless from any responsibility for said mortgage or costs that associates with the said mortgage, and that this mortgage shall be considered an advance on the husbands share of marital assets. (See attachment "B") The divorce judgment states that upon the sale of the home, such respective advances will be deducted from his or her share of net equity of the sale.

5.     On November 28, 2007 the marital home was sold. At the time of the sale Domenic Costagliola was incarcerated.  At the closing, Domenic's second mortgage was paid off. The payoff to Domenic's second mortgage line of credit was $175,677.16. (See attachment "C")  There was a shortfall in Domenic's net equity in the sale of the house in the amount of $34, 623.00.   In order for the sale of the house to close, Robin Costagliola had to pay Domenic's shortfall out her net equity from the sale of marital home.

6. On March 10, 2009 in a Middlesex probate court stipulation agreement.  Domenic agrees to pay Robin $500 by the last day of each month to satisfy Domenic's shortfall on the equity line (obtained from the marital home) until such time as the outstanding debt in the amount of $34,623.00 is fully satisfied.  (See attachment ("D")

7. The debt in the amount of $34, 623.00 should not be dischargeable due to it being created by Domenic's shortfall in a division in marital assets and in accordance with an

order of the Middlesex Probate Court.    Domenic has agreed in court that he owes this money to Robin Costagliola to pay off his shortfall in the second mortgage line of credit.

Wherefore, Robin Costagliola moves this honorable court determine the within referenced debt non-dischargeable in Bankruptcy.

Robin Costagliola
1 Second Avenue
Amesbury, MA 01913

## CERTIFICATE OF SERVICE

I, Robin Costagliola, serviced a copy of the **Creditor's Letter to have debt declared non-dischargeable** by regular mail upon:

David Corchado, Deputy Clerk
United States Bankruptcy Court
Donohue Federal Building
595 Main Street, Room 211
Worcester, MA 01608

Jonathan R. Goldsmith, Esq.
1350 Main Street
10th Floor
Springfield, MA 01103

Adam D. Mazonson
Joyce & Mazonson, LLC
776 R Washington Street
Canton MA 02021

Date: 11/22/09

Robin Costagliola
1 Second Street
Amesbury, MA 01913

"A"

**Washington Mutual**

| WASHINGTON MUTUAL BANK | | PAGE 1 | 05/22/07 |
|---|---|---|---|
| 1201 THIRD AVENUE | | ACCOUNT NUMBER 1  1 | 713563070 |

SEATTLE          WA 98101

| PAYMENT AMOUNT | PAST DUE AMT. | LATE CHARGE | AMOUNT DUE | DUE DATE |
|---|---|---|---|---|
| 877.40 | 0.00 | 0.00 | 877.40 | 06/16/07 |

DOMENIC COSTAGLIOLA
14 CHESTNUT ST APT 2
Wakefield        MA 01880-2326

| ACCOUNT NUMBER | STM DATE | INT RT | APR | DLY RATE |
|---|---|---|---|---|
| 1  1 | 713563070 05/22/07 | 08.250000 | 8.046 | .022602 |

| CREDIT LIMIT | AVAIL CREDIT | CYCLE DAYS | INT LAST YEAR |
|---|---|---|---|
| 175,000.00 | 724.83 | 31 | |

| DATE | TRANSACTION DESCRIPTION | TRAN AMOUNT | PRINCIPAL BALANCE |
|---|---|---|---|
| 04/21/07 | BALANCE FORWARD | | 56,300.60 |
| 04/19/07 | PAYMENT RECD-THANK YOU | 27,800.00 | 56,300.60 |
| 04/19/07 | INTEREST PAYMENT | 185.57 | 56,300.60 |
| 04/19/07 | PRINCIPAL PAYMENT | 27,614.43 | 28,686.17 |
| 04/21/07 | PAYMENT RECD-THANK YOU | 14,800.00 | 28,686.17 |
| 04/21/07 | INTEREST PAYMENT | 185.57 | 28,686.17 |
| 04/21/07 | PRINCIPAL PAYMENT | 14,614.43 | 14,071.74 |
| 04/23/07 | FINANCE CHARGE CR ADJ | 18.85 | 14,071.74 |
| 04/23/07 | FINANCE CHARGE DR ADJ | 185.57 | 14,071.74 |
| 04/23/07 | PRINCIPAL BAL CR ADJ | 185.57 | 13,886.17 |
| 04/24/07 | FINANCE CHARGE CR ADJ | 3.35 | 13,886.17 |
| 04/24/07 | FINANCE CHARGE DR ADJ | 185.57 | 13,886.17 |
| 04/24/07 | PRINCIPAL BAL CR ADJ | 185.57 | 13,700.60 |
| 04/25/07 | CHECK ADVANCE #0135 | 986.00 | 14,686.60 |
| 04/26/07 | PAYMENT RECD-THANK YOU | 12,797.00 | 14,686.60 |
| 04/26/07 | PRINCIPAL PAYMENT | 12,797.00 | 1,889.60 |
| 04/27/07 | PAYMENT RECD-THANK YOU | 1,800.00 | 1,889.60 |
| 04/27/07 | INTEREST PAYMENT | 185.57 | 1,889.60 |
| 04/27/07 | PRINCIPAL PAYMENT | 1,614.43 | 275.17 |
| 04/27/07 | CHECK ADVANCE #0136 | 145,000.00 | 145,275.17 |
| 05/18/07 | CHECK ADVANCE #0138 | 29,000.00 | 174,275.17 |
| 05/22/07 | TOTAL FINANCE CHARGE | 899.60 | 174,275.17 |

AVERAGE DAILY BALANCE THIS CYCLE:          128,387.67
(THE BALANCE SUBJECT TO FINANCE CHARGE)

```
**                                        **
** A LATE FEE WILL BE ASSESSED IF THE    **
** PAYMENT DUE ON 06/16/07 IS NOT PAID   **
** BY THE LATE DATE OF 07/01/07.         **
**                                        **
```

| | INSURANCE | FEES | INTEREST | BALANCE |
|---|---|---|---|---|
| DEBITS | 174,986.00 | 899.60 | 0.00 | 371.14 |
| CREDITS | 0.00 | 0.00 | 57,197.00 | 393.34 |
| NET | 174,986.00 | 899.60 | 57,197.00- | 22.20- |

PREV PAYOFF 57,022.36    PPM PEN 500.00   CURR PAYOFF175,682.57

| RT EFF DATE | INT RT | APR | DLY PCT | DAYS AT RT |
|---|---|---|---|---|
| 04/22/07 | .08250 | .08249 | .02260 | 31 |

1

"β"

EXHIBIT F

SECTION 34 DISTRIBUTION OF MARITAL ESTATE

1.  The Parties have agreed to resolve their remaining rights and obligations to an
    equitable division of marital assets, as provided and governed by General Laws,
    Chapter 208, §34 on the following basis:

2.  The Parties have executed this day four additional copies of this Agreement in
    addition to the original instrument. Those executed copies shall be delivered to
    Husband, to Wife, to Husband's counsel and to Wife's counsel. Appended to
    Exhibit F is Addendum A, entitled "Division of Assets," which chart contains a
    complete listing of the assets and liabilities of the Parties as of approximately
    March 8, 2005, and includes a stipulated value for the real estate owned by the
    Parties. This chart reflects a division of net worth between the Parties on the basis
    of fifty (50%) percent of the net value to the Husband and fifty (50%) of the net
    value to the Wife. The chart also designates which specific assets and liabilities
    are to be retained by the Husband, and which specific assets and liabilities are to
    be retained by the Wife. By the execution of this Agreement, the Parties do adopt
    and confirm the asset allocation reflected on the Division of Assets Chart and will
    implement the transfers necessary to effectuate the property division forthwith
    upon the entry of a Judgment of Divorce Nisi.

PART I

Real Property

The Husband and Wife own as tenants by the entirety the property located at 15
Dunbar Road, Reading, Massachusetts.

Until the Parties' Children are emancipated the Wife shall have the right to live in
the marital home and shall be responsible for paying the mortgage, principal interest and
taxes, water/sewer, and utilities and repairs less than $625.00 thereon.

Until the sale of the marital home, the Parties shall share equally all expenses/
costs for maintenance, repairs and capital improvements which exceed $625.00, but not
to exceed $3,000 per calendar year; if the costs exceed $3000 and the parties can not
agree, the matter shall be grounds for review and determination by the court in a
complaint for modification. The Parties shall consult with each other regarding the
repairs to be made and the contractors to be used. The Parties shall agree upon the
nature, extent and cost of said repair, exchanging all documentation with respect to
identity, selection and retention of any and all contractors, vendors, etc., and prior to any
obligation to pay. Such agreement shall occur in writing and not be unreasonably
withheld. In the case of an emergency repair, home owners insurance will be the primary
funding source, with the Wife making up the required first portion of the deductible up to
$625.00.

17

Until such time as the house is sold, the Wife cannot refinance beyond the amount of the outstanding balance of the first mortgage. If the Wife chooses to refinance (i.e. to get a better mortgage or to extend the term) the Husband will cooperate in the refinancing. The Wife will be responsible for all costs of said refinance.

The Husband shall remain on as principal on the first mortgage on the marital home. The Husband will be allowed to take on a second mortgage, line of credit or equity loan on his interest in the property for an amount not to exceed $175,000.00 or one half of the current net equity, whichever is less. The Husband shall solely be responsible for all costs in securing said mortgage, recording said mortgage and/or note, making timely payments on said mortgage and insuring that the mortgage will in no way affect the wife's interest in or the ability to remain in the marital home until such time as the youngest child is emancipated. The Husband shall indemnify and hold the Wife harmless from any responsibility for said mortgage or costs associates with said mortgage. This mortgage shall be considered an advance on the Husband's share of marital assets. The Wife shall cooperate and sign any documentation necessary for the Husband to secure the loan; however, the Wife will not sign the note or any document holding her personally responsible for repayment of said loan.

After determining the respective contribution each party will make towards college for the minor Children, in the event that either party, after looking at all other income and assets they may have, needs additional funds to make such respective contribution, they may take a portion of their respective share of equity of the home to meet their obligations. Each Party will be responsible for repayment of his or her respective advance of equity until the marital home is sold; thereafter, upon sale of the home, such respective advances will be deducted from his or her share of net equity of the sale.

Upon the emancipation of the Parties' minor children, the marital home shall be sold and the net proceeds shall be equally divided.

Until such time as the house is sold or the Wife buys out the Husband's interest in the marital home or the Husband buys out the Wife's interest in the marital home, as set forth below, the Parties agree that in the event of their untimely death, their interest shall be placed in trust for the benefit of the minor Children to be used for the health, education and welfare of the minor Children. The Parties shall execute wills, which incorporates this provision within 120 days of signing this agreement. If the Wife intends to buy the Husband's interest in the marital home earlier than the emancipation of the minor children or the fulfillment for the principal mortgage, she may notify him of her desire and at that time the Parties shall cooperate to establish a price for the buyout as follows:

a.   The Husband and Wife shall retain an independent appraiser to determine the value of the house. If the values set by the two appraisers differ by an amount less than 5% of the lower value, then the value will be set as the average of the two appraisals. If the amount differs by an amount greater than 5%, then a third appraiser, chosen by the recommendation of the first

# A. Settlement Statement

**B. Type of Loan:** 1. ☐ FHA   2. ☐ FmHA   3. ☒ Conv. Unins.   4. ☐ VA   5. ☐ Conv. Ins    Page 7 of 8

| 6. File Number | 7. Loan Number | 8. Mortgage Insurance Case Number |
|---|---|---|
| CL07-511 | 07053297 | |

**C. NOTE:** This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "(p.o.c.)" were paid outside the closing; they are shown here for informational purposes and are not included in the totals.

**D. NAME AND ADDRESS OF BORROWER:** Anitha S. Balasubramaniam and Sreeram R. Thirukkonda
15 Green Street #106, Melrose, Massachusetts 02176

**E. NAME AND ADDRESS OF SELLER:** Domenic Costagliola and Robin C. Costagliola
15 Dunbar Road, Reading, Massachusetts 01867

**F. NAME AND ADDRESS OF LENDER:** Mortgage Master, Inc.
102 Elm Street, Walpole, Massachusetts 02081

**G. PROPERTY LOCATION:** 15 Dunbar Road, Reading, Massachusetts 01867

**H. SETTLEMENT AGENT:** COLEMAN LAW OFFICE, PC, 248 Main Street, Suite 202 Reading, MA 01867
**PLACE OF SETTLEMENT:** 248 Main Street, Suite 202, Reading, Massachusetts 01867

**I. SETTLEMENT DATE:** November 28, 2007    **DISBURSEMENT DATE:** November 28, 2007

| J. SUMMARY OF BORROWER'S TRANSACTION | | K. SUMMARY OF SELLER'S TRANSACTION | |
|---|---|---|---|
| **100. GROSS AMOUNT DUE FROM BORROWER** | | **400. GROSS AMOUNT DUE TO SELLER:** | |
| 101. Contract sales price | $455,000.00 | 401. Contract sales price | $455,000.00 |
| 102. Personal property | | 402. Personal property | |
| 103. Settlement charges to borrower (from Line 1400) | $5,501.79 | 403. | |
| 104. | | 404. | |
| 105. | | 405. | |
| **ADJUSTMENTS FOR ITEMS PAID BY SELLER IN ADVANCE:** | | **ADJUSTMENTS FOR ITEMS PAID BY SELLER IN ADVANCE:** | |
| 106. City/town taxes   11/28/07 to 12/31/07 | $559.64 | 406. City/town taxes   11/28/07 to 12/31/07 | $559.64 |
| 107. County taxes   to | | 407. County taxes   to | |
| 108. Assessments   to | | 408. Assessments   to | |
| 109. | | 409. | |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. Champagne & Marchand, P.C. | $500.00 | 412. | |
| **120. GROSS AMOUNT DUE FROM BORROWER:** | $461,561.43 | **420. GROSS AMOUNT DUE TO SELLER:** | $455,559.64 |
| **200. AMOUNTS PAID BY OR IN BEHALF OF BORROWER:** | | **500. REDUCTIONS IN AMOUNT DUE TO SELLER:** | |
| 201. Deposit or earnest money | $22,750.00 | 501. Excess deposit (see instructions) | |
| 202. Principal amount of new loan(s) | $364,000.00 | 502. Settlement charges to seller (Line 1400) | $19,554.80 |
| 203. Existing loan(s) taken subject to | | 503. Existing loan(s) taken subject to | |
| 204. | | 504. Washington Mutual-Payoff | $148,986.49 |
| 205. Application deposit refund | $500.00 | 505. Washington Mutual-Payoff | $175,677.16 |
| 206. | | 506. Deposit Retained by R.E. Broker | $1,000.00 |
| 207. | | 507. Robin Costagliola | $108,041.19 |
| 208. Seller credit towards closing costs | $400.00 | 508. Seller credit towards closing costs | $400.00 |
| 209. | | 509. Atty Lausier | $1,900.00 |
| **ADJUSTMENTS FOR ITEMS UNPAID BY SELLER:** | | **ADJUSTMENTS FOR ITEMS UNPAID BY SELLER:** | |
| 210. City/town taxes   to | | 510. City/town taxes   to | |
| 211. County taxes   to | | 511. County taxes   to | |
| 212. Assessments   to | | 512. Assessments   to | |
| 213. | | 513. | |
| 214. | | 514. | |
| 215. | | 515. | |
| 216. | | 516. | |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| **220. TOTAL PAID BY/FOR BORROWER:** | $387,650.00 | **520. TOTAL REDUCTIONS AMOUNT DUE SELLER:** | $455,559.64 |
| **300. CASH AT SETTLEMENT FROM/TO BORROWER:** | | **600. CASH AT SETTLEMENT TO/FROM SELLER:** | |
| 301. Gross amount due from borrower (Line 120) | $461,561.43 | 601. Gross amount due to seller (Line 420) | $455,559.64 |
| 302. Less amount paid by/for borrower (Line 220) | $387,650.00 | 602. Less reductions in amount due seller (Line 520) | $455,559.64 |
| 303. CASH ( From/To ) Borrower | $73,911.43 | 603. CASH ( From/To ) Seller | |

We, the undersigned, identified in Section D hereof and Seller in Section E hereof, hereby acknowledge receipt of this completed Settlement Statement on November 28, 2007.

*Domenic Costagliola*

Domenic Costagliola

SELLER(S)

*Robin C. Costagliola*

Robin C. Costagliola

# COMMONWEALTH OF MASSACHUSETTS
## The Trial Court
### Probate and Family Court Department

**Middlesex, ss**                                    Docket No. 04D1804

ROBIN COSTAGLIOLA
**Plaintiff**

vs.

STIPULATION/AGREEMENT
OF PARTIES

DOMENIC COSTAGLIOLA
**Defendant**

It is hereby agreed/stipulated that, subject to the approval of the Court, the following shall be made a ~~Temporary Order or~~ Judgment of this Court:

(1) This Stipulation shall resolve all issues relating to the Complaint for Modification filed by Mother, Robin Costagliola ("Mother"), on May 4, 2007, and the Complaint for Modification filed by Father, Dominic Costagliola ("Father") on May 29, 2007;

(2) Father agrees to pay child support in the amount of $540.00 weekly, beginning March 9, 2009, the first date of Father's new employment position.

(3) Father also agrees to pay Mother $500.00 by the last day of each month to satisfy Father's shortfall on the equity line (obtained from the marital home) until such time as the outstanding debt in the amount of $34,623.00 is fully satisfied;

**PLAINTIFF**

**DEFENDANT**

**PLAINTIFF'S ATTORNEY**

PRO - SE

**DEFENDANT'S ATTORNEY**

8/10/09

**FILED**

**DATE**

MAR 10 2009

**WITNESS**